**Harlan WERNER and Mary Werner, Appellants,**

**v.**

**Willis D. HOFMANN and Bonnie L. Hofmann, Appellees.**

**No. A1–92–232.**

United States District Court, D. North Dakota, Southwestern Division.

March 1, 1993.

---

The judgment arises from a series of annual agreements involving cattle placed by the Werners on the Hofmann land. When the conflicting accounting of cows and calves was presented to the State District Court, the Werners were awarded some $33,000.00 for dead or missing cows and calves. The case was decided on the basis of contract law, although plaintiffs urged that theories of fraud and conversion were applicable. From the opinions of both the State District Judge and Bankruptcy Judge Hill, the court gleans a strong sense of "a pox upon both your houses" in that the record keeping was poor, actual inventories not taken, testimony conflicting, and the parties conduct was often, apparently by agreement, in direct conflict with the written agreements.

From the review of the record transmitted, the authorities cited and the arguments of counsel, the court finds no errors of law or clearly erroneous factual findings. The determination by the bankruptcy court that the judgment did not fall within the categories of claims not entitled to discharge is affirmed and the appeal therefrom is hereby **DISMISSED.**

**SO ORDERED.**

Daniel J. Chapman, Bismarck, ND, for plaintiffs.

Glenn M. Fenske and Lawrence P. Kropp, Kropp Law Offices P.C., Jamestown, ND, for defendants.

Mark H. Weber, Office of U.S. Trustee, Minneapolis, MN.

## MEMORANDUM AND ORDER

CONMY, District Judge.

The Werners appeal from an order of the bankruptcy court, 144 B.R. 459, holding that the judgment held by the Werners is dischargeable in the Hofmann's bankruptcy proceeding.